McGREGOR W. SCOTT
United States Attorney
E. ROBERT WRIGHT
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2702

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MOUNT WHITNEY PEST CONTROL, INC.,<br><br>　　　　　　Defendant. | CR. No. 1:06-cr-172<br><br>PLEA AGREEMENT<br><br><br>DATE:　December 11, 2006<br>TIME:　2:00 p.m.<br>COURT:　Hon. Lawrence J.<br>　　　　O'Neill, Department 8 |

I.

INTRODUCTION

A. **Scope of Agreement**: The Information in this case charges the defendant with one count of knowingly using registered pesticides in a manner inconsistent with their respective labels in violation of Title 7, United States Code, §§ 136j(a)(2)(G), 136l(b)(1)(B), and 136l(b)(4). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and

1

cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Rule 11(c)(1)© Specific Sentence Agreement**: The government and the defendant agree that a specific sentence, set forth below in Section VI ©, would be appropriate in this case. Consequently, this Plea Agreement is being offered to the Court pursuant to Rule 11(c)(1)© of the Federal Rules of Criminal Procedure. Under the provisions of Rule 11(c)(3), the Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report. If the Court accepts the Plea Agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this Plea Agreement. If the Court rejects this Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw its plea, and advise that if it persists in a guilty plea the disposition of the case may be less favorable to it than is contemplated by this Plea Agreement. Pursuant to Rule 32© of the Federal Rules of Criminal Procedure, the parties hereby waive the provisions of a presentence report provided the court accepts the plea agreement and embodies the judgment and specific sentence provided for in this Plea Agreement. The parties agree to cooperate to provide information in the record to the court that will seek to enable the court to meaningfully exercise its sentencing authority under 18 U.S.C. Section 3553.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea**: The defendant will plead guilty to the

Information, knowingly using registered pesticides in a manner inconsistent with their respective labels, in violation of 7 U.S.C. §§ 136j(a)(2)(G), 136l(b)(1)(B), and 136l(b)(4). The defendant agrees that it is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

B.  **Fine:** The defendant agrees to pay $5,000 as a criminal fine. The fine shall be paid at time of sentencing. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the stipulated fine as required by this Agreement.

C.  **Special Assessment:** The defendant agrees to pay a special assessment of $125 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay the assessment as required by this agreement.

D.  **Program Funds:** At the time of sentencing, the defendant shall also pay funding for training programs for federal, state and local investigators, regulators and attorneys located in California and other western states, relating to the enforcement of environmental laws and regulations, in the total amount of $10,000, by certified cashier's check, or its equivalent, made payable to "Western States Project Training Fund," 1275 West Washington, Phoenix, Arizona 85007. The defendant understands that this Plea Agreement is voidable by the government if it fails to pay this amount at the time required by this Agreement.

## III.

## THE GOVERNMENT'S OBLIGATIONS

A. **Incarceration Range:** The government will recommend the fine and program fund payment as required in this plea agreement.

B. **Dismissal of Other Defendants:** The Government agrees to dismiss this Information against EDWARD MAURER and LORENZO RIOS at the time of MOUNT WHITNEY PEST CONTROL, INC.'s sentencing pursuant to the terms of this plea agreement.

## IV.

## ELEMENTS OF THE OFFENSE

**Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

a. the defendant knowingly used a registered pesticide;

b. in a manner inconsistent with its respective label.

## V.

## MAXIMUM SENTENCE

**Maximum Penalty:** The maximum sentence which the Court can impose for a violation of this count is probation for a term of five years, a fine of $200,000, and restitution.

## VI.

## SENTENCING DETERMINATION

A. **Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984), 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, ___ U.S. ___, 125 S.Ct. 738 (2005), and must take them into account when

4

determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

**Application of a Pesticide in a Manner Inconsistent with the Labeling.**

1. **Base Offense Level:** Pursuant to USSG 2Q1.2, the base offense level is 8.

2. **Specific Offense Characteristic Adjustments:** None.

3. **Acceptance of Responsibility:** Pursuant to U.S.S.G. 3E1.1, deduct two levels for acceptance of responsibility.

4. **Adjusted Offense Level:** 6.

5. **Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter 3 adjustments, or cross-references. Both parties stipulate and agree

5

1  not to move for, or argue in support of, any departure from the
2  sentencing guidelines.
3         6. **Sentencing Range**: No fine ranges are specified by the
4  Guidelines for environmental crimes.
5     **C. Specific Sentence Agreement:**
6         1. The court shall impose a criminal fine of $5,000 on
7  defendant, which shall be paid at time of sentencing. Said amount
8  shall be paid by certified cashier's check, or its equivalent, and
9  be made payable to the "CLERK, U.S.D.C."
10        2. At the time of sentencing, the defendant shall pay a
11 special assessment of $125. Said amount shall be paid by a
12 certified cashier's check, or its equivalent, made payable to the
13 "CLERK, U.S.D.C."
14        3. At the time of sentencing, the defendant shall also
15 pay funding for training programs for federal, state, and local
16 investigators, regulators and attorneys, located in California and
17 other western states, relating to the enforcement of environmental
18 laws and regulations, in the total amount of $10,000, by certified
19 cashiers's check, or its equivalent, made payable to "Western States
20 Project Training Fund," 1275 West Washington, Phoenix, Arizona.
21        4. No restitution will be imposed against defendant as
22 none is due and owing.
23                              **VII.**
24                             **WAIVERS**
25    **Waiver of Constitutional Rights**: The defendant understands
26 that by pleading guilty it is waiving the following constitutional
27 rights: (a) to plead not guilty and to persist in that plea if
28 already made; (b) to be tried by a jury; (c) to be assisted at trial

by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on its behalf; (e) to confront and cross-examine witnesses against it; and (f) not to be compelled to incriminate itself.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

A. **Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 12/5/06

_____
WILLIAM C. HAHESY
Attorney for Defendant

B. **Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in

7

any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 12-06-06         _____, President
                        MOUNT WHITNEY PEST CONTROL, INC.
                        Defendant

    C.  **Attorney for United States:**  I accept and agree to this Plea Agreement on behalf of the government.

DATED: 12/7/06          McGREGOR W. SCOTT
                        United States Attorney

                   By:  _____
                        E. ROBERT WRIGHT
                        Assistant U.S. Attorney

8

# EXHIBIT "A"

## Factual Basis for Plea

Edward Maurer was at all times mentioned the owner and Chief Executive Officer of MOUNT WHITNEY PEST CONTROL, INC., engaged in commercial pesticide applications in the County of Tulare. On May 18, 2001, employees of the company, acting on behalf of the company, knowingly and unlawfully used the registered pesticides Baythroid 2 and Kelthane MF, in a manner inconsistent with the labels by using them at a time when persons other than protected handlers were in the area during application, and also, in a way that contacted other persons through drift.